## DANIEL L. REEDER *et al.*

### *v.*

## ERASTUS S. PURDY *et ux.*

1. FORMER DECISIONS. The main question presented in this case is fully considered in the cases of *Reeder* v. *Purdy*, 41 Ill. 279, and *Page* v. *DuPuy*, 40 ib. 506.

2. TRESPASS — *for a malicious assault and battery vindictive damages may be awarded.* In an action of trespass, for a malicious assault and battery, vindictive damages may be given.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action of trespass, for an assault and battery, instituted in the court below, by the appellees, Erastus Purdy and wife, against the appellants, Daniel L. Reeder, Albert Barker and Dennis Baker. The case was tried before the court and a jury, and a verdict and judgment for six hundred dollars rendered for the plaintiffs. This case was before

the court at the April term, 1866, and is reported in 41 Ill. 279. The same facts are presented by this record.

Messrs. BROWN & PARKS, for the appellants.

Messrs. WHEATON & SEARLES, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This case was before the court at a former term, and is reported in 41 Ill., where the facts are briefly stated. The main question involved, whether the owner of real estate, who has made an entry by force, can set up his title as a justification in an action for trespass to the person or personal property. of the occupant, and that he only used such force as was necessary to take possession, was sufficiently considered in the former case. This record seems to have been brought here with a view to procure a reversal of our former decision. We have fully examined the arguments of counsel, and see no reason to depart from the conclusions at which we then arrived. A similar opinion was announced in *Page* v. *DuPuy,* 40 Ill. 506.

Some further objections are taken to the instructions of the court upon the question of exemplary damages, but without good grounds. They amount merely to this, that for a malicious assault and battery a jury can give vindictive damages. That the assault and battery in this case was malicious, in the legal sense of that term, is clear, since it was wilful, and, as we have held, unlawful, and that, for such an assault and battery, vindictive damages can be given, is familiar law. The damages in this case were six hundred dollars, and we can not say this verdict shows either prejudice or passion in its amount. This is one of those cases in which juries will never limit the damages to the actual injury, and the verdict would probably be increased, as it has already been, with every new trial. In

fact the proceedings of the appellants were very unjustifiable, and though we do not imagine the bodily injury to Mrs. Purdy was really serious, or her sufferings great, yet she was, while in her own house, and in the absence of her husband, subjected to violence, indignity and wrong.

*Judgment affirmed.*